IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony Glenn James, | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-4228-TMC |
| vs. | ) | **ORDER** |
| Ashley Wright, Scarlett A. Wilson a/k/a Scarlett Wilson, N.C.P.D. Sgt. Scott Perry, John Burnett, Keith Hair, and K. Jenkins a/k/a/Kenyatta Jenkins, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Anthony Glenn James, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 6). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's complaint with prejudice and without issuance and service of process. (ECF No. 7). Specifically, the magistrate judge concluded that (1) all Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); (2) his claims against Defendants Wright and Wilson are barred by prosecutorial immunity; and (3) Plaintiff has failed to state a cognizable claim for relief against Defendants Burnett and hair. *Id*. at 3–5. The Report was mailed to Plaintiff at the address he provided to the court, (ECF No. 8); however, on December 23, 2020, it was returned as "undeliverable." (ECF No. 9). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 7 at 7), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for the reasons set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 7), which is incorporated herein, and this case is **DISMISSED with prejudice** and without issuance and service of process. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 12, 2021

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.